Jason **LEOPOLD**, Appellant

v.

**UNITED STATES DEPARTMENT OF JUSTICE**, Appellee

No. 16–5237
September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed On: May 30, 2017

Jeffrey Louis Light, Law Office of Jeffrey Light, Washington, DC, for Appellant.

Matthew M. Collette, DOJ Appellate Counsel, Sharon Swingle, U.S. Department of Justice, Washington, DC, for Appellee.

BEFORE: Griffith, Srinivasan, and Pillard, Circuit Judges

### JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the judgment of the district court in favor of the government, entered on July 11, 2016, be affirmed.

We have consistently granted substantial deference to the government's deter-

mination that information has important national security implications, and that the disclosure of such information would have harmful ramifications for national security. See, e.g., Center for Nat. Sec. Studies v. DOJ, 331 F.3d 918, 927 (D.C. Cir. 2003) ("[W]e owe deference to the government's judgments contained in its affidavits."); Goldberg v. Dept. of State, 818 F.2d 71, 76 (D.C. Cir. 1987) ("[C]ourts routinely defer to government affidavits stating that documents had been properly classified . . . ."); McGehee v. Casey, 718 F.2d 1137, 1148 (D.C. Cir. 1983) ("[C]ourts are to accord substantial weight to an agency's affidavit concerning the details of the classified status of the disputed record . . . .").

This court has carefully and thoroughly reviewed the documents contained in the classified supplemental appendix. ACLU v. DOJ, 640 Fed.Appx. 9, 11 (D.C. Cir. 2016). In its classified declarations, the government "describes, in considerable detail . . . the agency's reasons for withholding" the redacted portions of the Department of Justice White Paper. Id. We agree with the district court that the government has sufficiently supported its invocation of Freedom of Information Act ("FOIA") Exemptions 1 and 3, 5 U.S.C. § 552(b)(1), (3). Furthermore, the government has shown that the redacted portions of the White Paper contain information that has not previously been publicly disclosed, and the government has therefore not waived its right to assert the FOIA Exemptions. Although some individual sentences within the redacted passages contain facts that have previously been disclosed or pure legal analysis devoid of factual discussion, these sentences are still properly redacted, because selectively revealing those portions would tend to reveal the nature of adjacent classified information.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.